UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


                              Plaintiff,

                                                    DECISION AND ORDER

                                                    05-CR-6048L
                                                    10-CV-6471L

                v.

WILLIAM G. DE LA TORRE,


                              Defendant.
_____


        Defendant, William De La Torre ("De La Torre"), pleaded guilty to Count I of the Second

Superseding Indictment charging conspiracy to possess with intent to distribute five kilograms of

cocaine on December 17, 2009. The plea agreement (Dkt. #65) provided that at least 150 kilograms

of cocaine constituted the relevant conduct and also, although the Sentencing Guidelines provided

for a sentence of 235-293 months, the agreement provided for an agreed upon sentence of 240

months pursuant to FED. R. CRIM. P. 11(c)(1)(C). De La Torre was sentenced accordingly (Dkt.

#67).

        De La Torre did not appeal that Judgment and Conviction but has filed, *pro se,* a petition to

set aside the judgment, pursuant to 28 U.S.C. § 2255. That petition was filed August 19, 2010 (Dkt.

#68). The Court set a schedule for the Government to respond.

By letter dated October 4, 2010, (Dkt. #70), the Government requests an extension within which to respond to the petition in order to obtain information from the lawyer who represented De La Torre at the plea and sentencing, Donald L. Lambright, Esq. The Government contends that because De La Torre's petition, in essence, accuses his then-attorney of ineffective assistance of counsel, the Government seeks leave to obtain information from the attorney to defend and rebut those accusations.

I believe the law is clear that by attacking his attorney's performance, De La Torre has waived any attorney-client privilege, at least as to those communications relevant to the issues now raised by De La Torre in this petition. As the Second Circuit has stated, "the attorney-client privilege cannot at once be used as a shield and a sword ... . Thus, the privilege may implicitly be waived when defendant: asserts a claim that in fairness requires examination of protected communications." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). *See also Bittaker v. Woodford*, 331 F.3d 715, 718-19 (9th Cir. 2003) (noting that "[t]he rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue ... dates back to at least *Hunt v. Blackburn*, 128 U.S. 464 (1888)"); *Frias v. United States*, No. 01 Cr. 0307, 2009 WL 1437797, at *1 (S.D.N.Y. May 20, 2009) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer") (quoting *In re Lott*, 424 F.3d 446, 457-58 (6th Cir. 2005)).

De La Torre cannot make the allegations in the petition and, at the same time, preclude the challenged attorney from responding. The Government is also entitled to information necessary to

defend against the petition. This result is also consistent with Rule 1.6 of the Model Rules of Professional Conduct, which provides at paragraph (a) that "[a] lawyer shall not reveal information relating to the representation of a client unless ... the disclosure is permitted by paragraph (b)" of that Rule. Paragraph (b) provides, in part, that "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary ... to respond to allegations in any proceeding concerning the lawyer's representation of the client; or ... to comply with ... a court order." *See Sena v. Spencer*, No. Civ. A. 05-10381, 2006 WL 568306, at *6 n.7 (D.Mass. Mar. 8, 2006) ("Clearly, an allegation of ineffective assistance of counsel in the habeas context is such a proceeding").

I rule then that because De La Torre has filed the instant petition and has challenged his attorney's effectiveness, the attorney is no longer bound to protect any attorney-client communications, insofar as they are relevant to the claims made by De La Torre in his petition.

I direct the Government to contact attorney Donald J. Lambright to provide the Court with an affidavit concerning the relevant circumstances, discussions and advice relating to De La Torre's decision to plead guilty and accept the 240 month sentence, and other matters directly relating to De La Torre's petition. The Government is then to provide that affidavit to the Court and otherwise respond to the petition within 45 days of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 18, 2010.